Nicholas C. Larson (SBN 275870)
NLarson@MPBF.com
Miguel Mendez-Pintado (SBN 323372)
mmendezpintado@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
520 Pike Street, Suite 1205
Seattle, WA 98101
Telephone: (206)-219-2008

John A. Safyurtlu (SBN 179502)
John.Safyurtlu@GeneralCounselPC.com
GENERAL COUNSEL, PC
64 Meadow Valley
Irvine, CA 92602
Telephone: (714) 651-9848

Attorneys for Defendant
American Hygienics Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATUREZWAY, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HYGIENICS CORPORATION, a Chinese corporation; and INNOVENT, INC., a Florida corporation,<br><br>Defendants. | Case No.: 2:23-CV-06724-FLA-AJR<br><br>**DEFENDANT AMERICAN HYGIENICS CORPORATION ANSWER TO COMPLAINT**<br><br>Complaint Filed: August 16, 2023 |

Defendant American Hygienics Corporation ("AHC"), by and through the undersigned counsel, hereby answers the Complaint filed by Plaintiff Naturezway, Inc., ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1's allegations are legal conclusions which require no response.

- 1 -

To the extent that a response is required, AHC lacks sufficient information to form a belief as to the allegation of Paragraph 1 and on that basis denies the allegations of Paragraph 1.

2. Paragraph 2's allegations are legal conclusions which require no response. To the extent that a response is required, AHC lacks sufficient information to form a belief as to the allegation of Paragraph 2 and on that basis denies the allegations of Paragraph 2.

3. Paragraph 3' allegations are legal conclusions which require no response. To the extent that a response is required, AHC denies the allegations of Paragraph 3.

4. Paragraph 4's allegations are legal conclusions which require no response. To the extent that a response is required, AHC lacks sufficient information to form a belief as to the allegation of Paragraph 4 and on that basis denies the allegations of Paragraph 4.

## THE PARTIES

5. AHC lacks sufficient information to form a belief as to the allegation of Paragraph 5 and on that basis denies the allegations of Paragraph 5.

6. AHC admits that AHC is a Chinese corporation located in China. AHC denies the remainder of the allegations in Paragraph 6.

7. AHC denies the allegations of Paragraph 7.

8. AHC admits that Yogesh Parmar is the CEO of Innovent, Inc. AHC denies the remainder of the allegations of Paragraph 8.

9. AHC denies the allegations of Paragraph 9.

## FACTUAL BACKGROUND AND NATURE OF ACTION

10. AHC lacks sufficient information to form a belief as to the allegations of Paragraph 10 and on that basis denies the allegations of Paragraph 10.

11. AHC denies the allegations of Paragraph 11.

12. AHC denies the allegations of Paragraph 12(a)-12(i).

13. AHC lacks sufficient information to form a belief as to the allegations of

Paragraph 13 and on that basis denies the allegations of Paragraph 13.

14. AHC denies that GERMISEPT is an Innovent product. AHC admits that in 2020 Naturezway purchased GERMISEPT-branded multipurpose alcohol wipes from AHC. AHC denies the remainder of the allegations in Paragraph 14.

15. AHC denies that GERMISEPT is an Innovent product. AHC lacks sufficient information to form a belief as to the remainder of the allegations of Paragraph 15 and on that basis denies the remainder of the allegations of Paragraph 15.

16. AHC denies that GERMISEPT is an Innovent product. AHC lacks sufficient information to form a belief as to the remainder of the allegations of Paragraph 16 and on that basis denies the remainder of the allegations of Paragraph 16.

17. AHC lacks sufficient information to form a belief as to the allegations of Paragraph 17 and on that basis denies the remainder of the allegations of Paragraph 17.

18. AHC lacks sufficient information to form a belief as to the allegations of Paragraph 18 and on that basis denies the allegations of Paragraph 18.

19. AHC denies the allegations of Paragraph 19.

20. AHC admits that Plaintiff demanded money from Defendants. AHC denies the remaining allegations of Paragraph 20.

21. AHC denies the allegations of Paragraph 21.

### FIRST CLAIM FOR RELIEF
**(False Advertising, 15 U.S.C. § 1125(a))**

22. AHC incorporates and realleges the responses to Paragraphs 1-21.

23. AHC denies the allegations of Paragraph 23.

24. AHC denies the allegations of Paragraph 24.

### SECOND CLAIM FOR RELIEF
**(False Advertising, Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

25. AHC incorporates and realleges the responses to Paragraphs 1-24.

26. AHC denies the allegations of Paragraph 26.

27. AHC denies the allegations of Paragraph 27.

## THIRD CLAIM FOR RELIEF

### (Strict Products Liability-Failure to Warn)

28. AHC incorporates and realleges the responses to Paragraphs 1-27.
29. AHC denies the allegations of Paragraph 29.
30. AHC denies the allegations of Paragraph 30.
31. AHC denies the allegations of Paragraph 31.
32. AHC denies the allegations of Paragraph 32.
33. AHC denies the allegations of Paragraph 33.
34. AHC denies the allegations of Paragraph 34.

## FOURTH CLAIM FOR RELIEF

### (Breach of Implied Warranty of Merchantability)

35. AHC incorporates and realleges the responses to Paragraphs 1-34.
36. AHC denies the allegations of Paragraph 36.
37. AHC denies the allegations of Paragraph 37.
38. AHC denies the allegations of Paragraph 38.
39. AHC denies the allegations of Paragraph 39.
40. AHC denies the allegations of Paragraph 40.

## FIFTH CLAIM FOR RELIEF

### (Negligence)

41. AHC incorporates and realleges the responses to Paragraphs 1-40.
42. AHC denies the allegations of Paragraph 42.
43. AHC denies the allegations of Paragraph 43.
44. AHC denies the allegations of Paragraph 44.
45. AHC denies the allegations of Paragraph 45.
46. AHC denies the allegations of Paragraph 46.
47. AHC denies the allegations of Paragraph 47.
48. AHC denies the allegations of Paragraph 48.

49. AHC denies the allegations of Paragraph 49.

## SIXTH CLAIM FOR RELIEF

**(Breach of Contract)**

50. AHC incorporates and realleges the responses to Paragraphs 1-49.

51. AHC denies the allegations of Paragraph 51.

52. AHC denies the allegations of Paragraph 52.

53. AHC denies the allegations of Paragraph 53.

54. AHC denies the allegations of Paragraph 54.

## SEVENTH CLAIM FOR RELIEF

**(Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

55. AHC incorporates and realleges the responses to Paragraph 1-54.

56. AHC denies the allegations of Paragraph 56.

## PRAYER FOR RELIEF

AHC denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

AHC pleads the following separate defenses. AHC presently has insufficient knowledge or information on which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available. AHC reserves the right to assert additional affirmative defenses in the event discovery indicates that such additional affirmative defenses would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

1. AHC allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2. AHC alleges that Plaintiff was not damaged as a proximate result of any acts or omissions for which AHC is responsible.

## THIRD AFFIRMATIVE DEFENSE

3. AHC alleges that intervening and superseding actions beyond AHC's control caused Plaintiff's damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

4. AHC alleges that other persons, over whom AHC had no responsibility or control, were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence of these acts proximately contributed to Plaintiff's damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

5. AHC alleges that other people or entities' later misconduct and/or intentional acts were superseding and/or intervening causes for Plaintiff's damages, if any, for which AHC cannot be responsible.

## SIXTH AFFIRMATIVE DEFENSE

6. AHC alleges that Plaintiff failed to mitigate and/or attempt to mitigate their damages, if any damages have been and/or will be sustained, and any recovery by Plaintiff must be diminished or bared by reason thereof.

## SEVENTH AFFIRMATIVE DEFENSE

7. AHC alleges that Plaintiff's damages, if any, were proximately caused by their own negligence and failure to exercise reasonable care. Plaintiff's damages, if any, should be diminished or barred by reason thereof.

## EIGHTH AFFIRMATIVE DEFENSE

8. AHC alleges that Plaintiff's claims are barred because they were proximately caused by abnormal, unforeseeable, and/or unintended abuse, use, misuse, modification and/or alteration of the product at issue.

## NINTH AFFIRMATIVE DEFENSE

9. AHC alleges that Plaintiff's claims are barred by the doctrine of unclean hands, bad faith, and/or inequitable conduct.

### TENTH AFFIRMATIVE DEFENSE

10. AHC alleges that Plaintiff, as a result of its own acts and/or omissions, has waived any right which it may have had to recover, and/or is estopped from recovering, any relief sought against AHC.

### ELEVENTH AFFIRMATIVE DEFENSE

11. AHC alleges that Plaintiff is comparatively at fault for Plaintiff's damages, if any. Defendants are entitled to have the comparative fault of Plaintiff, its officers, agents and others determined and apportioned at trial.

### TWELFTH AFFIRMATIVE DEFENSE

12. AHC alleges that Plaintiff's claims are barred by its own conduct, actions and inactions, which constitute an estoppel to the claims and causes of action alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. AHC alleges that at all times relevant Plaintiff knew of the relevant facts allegedly causing damage, appreciated the danger, and voluntarily, knowingly, and intelligently assumed the risk and its alleged damages.

WHEREFORE, AHC prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;
2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;
3. That AHC be awarded their fees and costs incurred in defending this action;
4. That AHC be granted such other and further relief as the Court may deem just and proper.

Dated: October 1, 2024

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Nicholas C. Larson
Attorneys for Defendant
American Hygienics Corporation